**Tarsem SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–75009.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., Christopher C. Wang, Esq., DOJ, U.S. Department of Justice, Civil Rights Division/Appellate, Washington, DC, for Respondent.

Before: LEAVY, McKEOWN and GOULD, Circuit Judges.

MEMORANDUM **

Tarsem Singh, a native and citizen of India, petitions for review of the dismissal by the Board of Immigration Appeals ("BIA") of his appeal from an immigration judge's ("IJ") denial of Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir.1993), and we deny the petition for review.

Singh contends that the BIA's adverse credibility finding was not supported by substantial evidence. We disagree. The BIA noted several significant discrepancies within Singh's account that go to the heart of his claim for asylum. Thus, the BIA's finding was supported by substantial evidence. *See Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990).

Singh also contends that the incompetent translation of portions of his testimony denied him due process. Assuming *arguendo* that a translation of part of his testimony was unreliable, our independent

review of the record does not reveal how any errors in translation might have affected his testimony. We therefore reject his due process claim. *See Singh v. Ashcroft*, 367 F.3d 1139, 1144 (9th Cir.2004).

Finally, Singh contends that the IJ erred by failing to independently evaluate his CAT claim. Because Singh's claim under the CAT is based on the same facts the IJ found to be not credible, and because there is no evidence that the IJ failed to consider documentary evidence of country conditions in making his determination, Singh has failed to establish eligibility for relief under the CAT. *See Almaghzar v. Gonzales*, 450 F.3d 415, 422 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

